IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH A. GLASCOCK,

      Petitioner,

v.                                    No. CV 11-1025 WJ/LAM

NEW MEXICO CORRECTIONS DEPT., and
GARY K. KING, New Mexico Attorney General,

      Respondent.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Petitioner Joseph A. Glascock's 28 U.S.C. § 2254 petition [*Doc. 1*], filed November 18, 2011.  The petition was dismissed without prejudice on April 9, 2012, for failure to comply with the Court's order to pay the filing fee or file a motion to proceed *in forma pauperis*.  [*Doc. 5*].  Petitioner filed a motion to reopen the case, which was granted on August 15, 2012, once Petitioner paid the filing fee.  *See* [*Docs. 7* and *10*].  Respondents filed their answer to the petition on October 12, 2012.  [*Doc. 15*].  United States District Judge William P. Johnson referred the claims raised in the petition to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary.  [*Doc. 2*].  Having considered the parties' submissions, relevant law, and the record in this case, the undersigned recommends, for the reasons set forth below, that Petitioner's ***Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1)*** be **DISMISSED without prejudice**.

---

[1] **Within fourteen (14) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition.  A party must file any objections with the Clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.  Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

Because the issues in this case can be resolved on the record before the Court, the Court **FINDS** that an evidentiary hearing is unnecessary. *See Anderson v. Attorney General of Kansas*, 425 F.3d 853, 858-59 (10th Cir. 2005) (evidentiary hearing unnecessary if § 2254 habeas claim can be resolved on the record).

Petitioner raises four claims: (1) "Estoppel" for being convicted of the same charges in both Texas and New Mexico; (2) false imprisonment based on Petitioner's argument that his conviction was illegal because he was convicted in both Texas and New Mexico; (3) that the judge misled the jury by telling them that the issue of whether Petitioner has already served time for the charges was not before the jury; and (4) ineffective assistance of counsel for advising Petitioner not to take a plea deal offered by the district attorney because Petitioner's counsel assured Petitioner that he would not be convicted of the charges due to double jeopardy. [*Doc. 1* at 5-10]. Petitioner asks the Court to either reverse his conviction or allow him to receive the plea deal offered by the district attorney. *Id.* at 15.

## I. Procedural Background

On May 16, 2005, Petitioner was found guilty of four counts of Forgery (making or altering), a third-degree felony, in violation of N.M.S.A. 1978 § 30-16-10(A); and one count of Conspiracy to commit forgery (making or altering), a fourth-degree felony, in violation of N.M.S.A. 1978 §§ 30-16-10(A) and 30-28-2. [*Doc. 15-1*, Exhibit A at 1] (Judgment and Sentence Commitment to the Penitentiary entered in the state district court). Petitioner was found to be a habitual offender with two prior felony convictions, and was sentenced to a total term of imprisonment of nineteen and one-half (19-1/2) years. *Id.* at 2-3. Upon completion of imprisonment, Petitioner will be placed on mandatory parole for a period of not less than two (2) years. *Id.* at 3. Petitioner also received

pre-sentence confinement credit for time served prior to his transfer to the New Mexico Corrections Department. *Id.*

On November 29, 2005, Petitioner appealed his conviction to the New Mexico Court of Appeals (*Doc. 15-1*, Exhibits C (Notice of Appeal) and D (Docketing Statement)), and, on October 25, 2007, the New Mexico Court of Appeals issued an Opinion reversing the conviction for one of the counts of forgery (Count 3), affirming the remaining convictions, and remanding the case to the state district court for entry of a new judgment and resentencing (*Doc. 15-1*, Exhibit L at 109-110). On November 13, 2007, Petitioner filed a petition for writ of certiorari with the New Mexico Supreme Court regarding the New Mexico Court of Appeals' opinion. [*Doc. 15-1*, Exhibit M]. On January 15, 2008, the New Mexico Supreme Court granted the petition as to one issue (*Doc. 15-2*, Exhibit P), and then, on June 15, 2009, quashed the petition as improvidently granted (*Doc. 15-2*, Exhibit T). The case was remanded to the state district court, and Petitioner was resentenced on October 25, 2010. [*Doc. 15-1*, Exhibit B] and [*Doc. 15-2*, Exhibit W]. Petitioner was resentenced for the same total period of incarceration as his original sentencing -- nineteen and one-half (19-½) years. *See* [*Doc. 15-1*, Exhibit B at 7] and [*Doc. 15-2*, Exhibit W at 75].[2] On November 18, 2011, Petitioner filed his petition for federal habeas relief in this Court, initiating this proceeding. [*Doc. 1*]. On November 21, 2011, Petitioner filed with the New Mexico Supreme Court a *pro se* petition titled "Petition for Writ of Habeas Corpus," but, on the petition, Petitioner crossed out the words "Habeas Corpus" and wrote in "Certiorari (or Habeas Corpus)." [*Doc. 15-2*, Exhibit X]. The New Mexico Supreme Court remanded the petition, which it called a "petition for

---

[2]In his original Judgment and Sentence (*Doc. 15-1*, Exhibit A at 2-3), Petitioner's sentences for Counts 3 and 4 were for 7 years each, with Count 4 to run concurrently to Count 3, and both counts to run consecutive to Count 1. In his second Judgment and Sentence (*Doc. 15-1*, Exhibit B at 7, and *Doc. 15-2*, Exhibit W at 75), Petitioner was sentenced only as to Count 4 for 7 years to run consecutive to Count 1, so the total term of incarceration remained the same.

habeas corpus," to the state district court.  [*Doc. 15-2*, Exhibit Y].  The state district court dismissed the petition on January 10, 2012.  [*Doc. 15-2*, Exhibit Z].  Petitioner did not file a petition for writ of certiorari with the New Mexico Supreme Court following the state district court's dismissal of his petition.

## II.  *Petitioner's Section 2254 Claims*

Petitioner raises the following grounds for relief in his petition: (1) "Estoppel" for being convicted of the same charges in both Texas and New Mexico; (2) false imprisonment based on Petitioner's argument that his conviction was illegal because he was convicted in both Texas and New Mexico; (3) that the judge misled the jury when the jury asked if Petitioner had already served time for the charges in question; and (4) ineffective assistance of counsel for advising Petitioner to reject a plea officer for eight and one-half (8-1/2) years, because Petitioner's counsel told Petitioner that he would not be convicted due to double jeopardy.  [*Doc. 1* at 5-10].  In their response, Respondents contend that Petitioner has filed a mixed petition containing both exhausted and unexhausted claims.  [*Doc. 15* at 1].  Respondents contend that Petitioner has not exhausted Claims Two and Three because they were not raised in either his direct appeal or state habeas petition.  *Id.* at 8.  Respondents also contend that Petitioner has not exhausted Claim Four because, even though this claim was raised in his state habeas petition, Petitioner failed to file a timely petition for writ of certiorari to the New Mexico Supreme Court following dismissal of his state habeas petition.  *Id.*  Respondents contend that Claim Four is also procedurally defaulted.  *Id.* Respondents state that the Court can either (1) dismiss the mixed petition in its entirety; (2) stay the petition and hold it in abeyance while Petitioner returns to state court to raise the unexhausted claims; (3) permit Petitioner to dismiss the unexhausted claims and proceed with his exhausted claim, which is Claim One; or (4) ignore the exhaustion requirement and deny the petition if none

-4-

of the claims have any merit. *Id.* at 8-9 (citing *Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009)).  Respondents ask the Court to proceed under option (1) so that Petitioner can file a state habeas petition with respect to Claims Two and Three.  [*Doc. 15* at 9].

"Pro se pleadings are to be construed liberally." *Sines v. Wilner*, 609 F.3d 1070, 1074 (10th Cir. 2010) (citation omitted).  Despite liberal construction of a *pro se* litigant's pleadings, however, courts cannot "assume the role of advocate" for him.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted); *see also Northington v. Jackson*, 973 F.2d 1518, 1520–21 (10th Cir. 1992) (citation omitted).  Courts "are not required to fashion [a *pro se* party's] arguments for him where his allegations are merely conclusory . . . and without supporting fact[s]." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citation omitted). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall*, 935 F.2d at 1110 (citations omitted).  Because Petitioner is a *pro se* litigant, the Court construes his allegations in his petition liberally.

### III.  Exhaustion of State Court Remedies

A state prisoner must generally exhaust available state court remedies before a federal court can consider the prisoner's habeas petition under 28 U.S.C. § 2254.  *See* 28 U.S.C. § 2254(b)(1)(A); *Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002).  "The [exhaustion] doctrine reflects the policies of comity and federalism between the state and federal governments, a recognition that it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Demarest v. Price*, 130 F.3d 922, 932 (10th Cir. 1997) (citation and internal quotation marks omitted). The exhaustion requirement is considered satisfied "if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack."

*Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994) (citation omitted).  In addition, the petitioner must "fairly present his or her claims to the state courts before a federal court will examine them," which means that the "substance of the claim" must have been raised before the state court either on appeal or in post-conviction proceedings.  *Demarest*, 130 F.3d at 932 (citation and internal quotation marks omitted).  A petitioner may present "bits of evidence" to a federal court that were not presented to the state court; however, "evidence that places the claims in a significantly different legal posture must first be presented to the state courts." *Id.* (citation and internal quotation marks omitted); *see also Jones v. Hess*, 681 F.2d 688, 694 (10th Cir. 1982) (explaining that a claim is not exhausted if it is "in a significantly different and stronger posture than it was when the state courts considered it").

The Court finds that Petitioner has exhausted Claim One, which is similar to the "successive prosecution," or double jeopardy, claim that was fairly presented to the state courts on Petitioner's direct appeal.  *See* [*Doc. 15-1*, Exhibit H at 26 and 36-41] (Petitioner's brief on direct appeal) and [*Doc. 15-2*, Exhibit M at 2 and 9-12] (petition for writ of certiorari regarding direct appeal). Petitioner failed to raise Claims Two or Three in either his direct appeal or in his state habeas petition, so these claims have not been exhausted.  With regard to Claim Four, Petitioner raised the issue of whether his counsel was ineffective for advising him to reject the plea offer from the district attorney in his petition for writ of certiorari or habeas corpus, which was decided by the state district court.  [*Doc. 15-2*, Exhibit X at 78]  However, there is no evidence before the Court that Petitioner filed a petition for writ of certiorari with the New Mexico Supreme Court after this petition was dismissed by the state district court (*see Doc. 15-2*, Exhibit AA at 95, docket sheet from Petitioner's state case dated September 11, 2012, showing no activity in Petitioner's state case following the

dismissal of his state habeas petition by the state district court on January 10, 2012).[3]  Therefore, because Claim Four was not presented to the highest state court, it has not been exhausted.  The Court, therefore, finds that Claims Two, Three and Four have not been exhausted.

## IV.  Procedural Default

Based on the foregoing, the Court finds that Petitioner has filed a mixed petition with both exhausted (Claim One) and unexhausted (Claims Two, Three and Four) claims.  When a federal district court is presented with a mixed petition, it "may either (1) dismiss the entire petition without prejudice in order to permit exhaustion of state remedies, or (2) deny the entire petition on the merits." *Moore v. Schoeman*, 288 F.3d 1231, 1235 (10th Cir. 2002).  In limited circumstances, a federal court may stay a mixed petition and hold it in abeyance pending exhaustion of state court remedies. *Rhines v. Weber*, 544 U.S. 269, 277 (2005).  However, stay and abeyance is appropriate only if the petitioner demonstrates good cause for the failure to exhaust, the unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 278.  The Court finds that Petitioner has made no showing that he meets the requirements for a stay of his petition because he has not presented good cause for his failure to exhaust his claims in state court and he has not made a showing that his claims are potentially meritorious.

The Court must therefore decide whether to recommend:  (1) dismissal of the entire petition without prejudice; (2) permitting Petitioner to dismiss the unexhausted claims and proceed with the exhausted claim; or (3) denial of the entire petition on the merits notwithstanding Petitioner's failure to exhaust all of his claims.  When a petitioner has failed to fulfill the exhaustion requirement, a

---

[3]On February 21, 2013, the Court looked at the docket sheet from Petitioner's state case and the docket still shows that nothing has been filed in that case since January 10, 2012.

court will generally choose the option of dismissing the petition without prejudice to allow the petitioner to exhaust state remedies. *Demarest*, 130 F.3d at 939 (citations omitted). "However, in considering unexhausted claims, federal courts should consider whether, upon dismissal of the claims, the petitioner would then be able to raise them in the state courts." *Id.* "[I]f the court to which Petitioner must present his claims in order to meet the exhaustion requirement would now find those claims procedurally barred, there is a procedural default for the purposes of federal habeas review." *Dulin v. Cook*, 957 F.2d 758, 759 (10th Cir. 1992) (citation omitted). A federal court will not consider defaulted claims unless (1) the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice (*Smallwood v. Gibson*, 191 F.3d 1257, 1268 (10th Cir. 1999) (citation and internal quotation marks omitted)), or (2) if the Court determines that the claims can more easily be resolved on the merits (*see* § 2254(b)(2) (providing that a federal court may deny a habeas petition on the merits, notwithstanding the failure to exhaust state remedies), *see also Romero v. Furlong*, 215 F.3d 1107, 1111 (10th Cir. 2000) (declining to address complex procedural bar because case could be more easily and succinctly affirmed on the merits)).

The Court finds that Claims Two and Three are not procedurally defaulted because Petitioner may be able to raise those claims in a second state habeas petition. There is no statute of limitations in New Mexico that would prevent Petitioner from bringing these unexhausted claims in a second state habeas petition. *See State v. Sutphin*, 2007-NMSC-045, ¶ 12, 142 N.M. 191, 164 P.3d 72 (2007). Ordinarily "New Mexico state courts will not consider any issues raised in a second post-conviction proceeding which could have been raised in the first proceeding." *Harris v. Williams*, No. 00-2183, 5 Fed. Appx. 831, 833, 2001 WL 201962 (10th Cir. Feb. 28, 2001) (unpublished) ("[G]rounds omitted in the prior proceedings are deemed waived.") (quoting *State v. Gillihan*, 86 N.M. 439, 524 P.2d 1335, 1336 (N.M. 1974)). However, "[t]here is a narrow exception

to this . . . waiver rule when the petitioner asserts 'fundamental error' in his trial." *Id.* (citing *Gillihan*, 524 P.2d at 1336).  Fundamental error is defined by the New Mexico Supreme Court to be "such error as goes to the foundation or basis of a defendant's rights or must go to the foundation of the case or take[s] from the defendant a right which was essential to his defense." *Gillihan*, 524 P.2d at 1337 (citation and internal quotation marks omitted).  Petitioner's Claims Two and Three -- that Petitioner was falsely imprisoned as a result of his illegal conviction, and that the judge misled the jury by failing to answer their question of whether Petitioner had already served time for the same charges -- allege error that potentially "goes to the foundation of the case or take[s] from the defendant a right which was essential to his defense." *Id.*  Even if these claims are likely to be dismissed by the state courts, this Court should refrain from ruling on them until the state courts have had an opportunity to hear them.  *See Demarest*, 130 F.3d at 939 (stating that courts should generally choose the option of allowing petitioner to exhaust state remedies when those claims are not procedurally barred); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (explaining that both the exhaustion requirement and the doctrine of procedural default are "grounded in principles of comity," and that "in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights"), *Banks v. Horn*, 126 F.3d 206, 211 (3rd Cir. 1997) (advising federal courts to exercise caution before finding a claim procedurally barred where the possibility of state review exists "even if it is not likely that the state court will consider petitioner's claim on the merits"), and *Burgin v. Broglin*, 900 F.2d 990, 995 (7th Cir. 1990) (finding that where uncertainty exists regarding the availability of state remedies and further exhaustion is required, the better course is to require petitioner to explore the possibility that state remedies exist).  Thus, New Mexico courts may find that Claims Two and Three are not precluded

from state review under the doctrine of fundamental error. Because there is still a possibility of state review of Claims Two and Three, the Court finds that these claims are not procedurally defaulted.

The Court finds that Claim Four, however, is procedurally barred because it was raised in Petitioner's petition for writ certiorari or habeas corpus and was decided by the state district court (*Doc. 15-1*, Exhibit X at 78), but Petitioner failed to file a petition for a writ of certiorari with the New Mexico Supreme Court after the state district court denied his habeas corpus petition. Under New Mexico's procedural rules, a petitioner may file a petition for a writ of certiorari with the New Mexico Supreme Court within thirty (30) days of the state district court's order denying the habeas corpus petition. *See* N.M.R.A. 12-501(B). Petitioner did not do this. *See* [*Doc. 15-2*, Exhibit AA at 95] (docket sheet from Petitioner's state case dated September 11, 2012, showing no activity in Petitioner's state case following the dismissal of his state habeas petition by the state district court on January 10, 2012).[4] Therefore, Claim Four is procedurally defaulted for purposes of federal habeas review and should not be considered by this Court unless Petitioner can demonstrate cause *and* prejudice for failing to comply with the state's procedural rules *or* a fundamental miscarriage of justice (*see Smallwood*, 191 F.3d at 1268), or if the Court determines that the claims can be easily resolved on the merits (*see* § 2254(b)(2), and *Romero*, 215 F.3d at 1111). *See* discussion *supra* at 8. In order to satisfy the "cause" standard, Petitioner would need to show that "some objective factor external to the defense impeded his compliance with New Mexico's procedural rules." *Watson v. State of New Mexico*, 45 F.3d 385, 388 (10th Cir. 1995) (citations and internal quotation marks omitted). Petitioner makes no such allegation or showing. To demonstrate a "fundamental miscarriage of justice" in order to overcome a procedural bar, Petitioner would need to make "a colorable showing of factual innocence." *Demarest*, 130 F.3d

---

[4]*See also* footnote 3, *supra*.

at 941 (citation omitted).  A claim of factual innocence requires "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial."  *Sellers v. Ward*, 135 F.3d 1333, 1338 (10th Cir. 1998).  Petitioner neither shows nor alleges factual innocence, so the Court finds that he has not demonstrated a "fundamental miscarriage of justice."  The Court further finds that Claim Four cannot be easily disposed of on the merits because it would require the Court to determine what plea deal Petitioner was offered and what Petitioner's counsel advised Petitioner regarding the plea deal and Petitioner's chances at trial.  Therefore, the Court finds that Petitioner's failure to timely file a petition of certiorari is not excused, and Claim Four is procedurally barred.

Even though the Court finds that Claim Four is procedurally defaulted, in the interest of comity, and for the same reasons stated earlier, the Court recommends that Petitioner's petition should be dismissed without prejudice and Petitioner may either amend his petition to delete his unexhausted claims (Claims Two, Three and Four), or exhaust his claims at the state level.  *See Demarest*, 130 F.3d at 939 (stating that courts should generally choose the option of allowing petitioner to exhaust state remedies when those claims are not procedurally barred); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (explaining that both the exhaustion requirement and the doctrine of procedural default are "grounded in principles of comity," and that "in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights"), *Banks v. Horn*, 126 F.3d 206, 211 (3rd Cir. 1997) (advising federal courts to exercise caution before finding a claim procedurally barred where the possibility of state review exists "even if it is not likely that the state court will consider petitioner's claim on the merits"), and *Burgin v. Broglin*, 900 F.2d 990, 995 (7th Cir. 1990) (finding that where uncertainty exists regarding

the availability of state remedies and further exhaustion is required, the better course is to require petitioner to explore the possibility that state remedies exist).

If Petitioner chooses to amend his petition, he should be aware that he risks the dismissal of a subsequent federal habeas petition which again raises the unexhausted claims which he would be abandoning.  *See Tapia v. LeMaster*, 172 F.3d 1193, 1195 (10th Cir. 1999) (explaining that a petitioner who opts to have only exhausted claims heard is considered to have abandoned the unexhausted claims, and a subsequent petition containing those claims will be barred as a successive petition if he is unable to meet the requirements for filing another petition).  Alternatively, if Petitioner chooses not to amend his petition, then his petition should be dismissed in its entirety, without prejudice, to allow him to exhaust his previously unexhausted claims in the state courts. If he chooses this option, Petitioner should bear in mind that the one-year statute of limitation under AEDPA still applies to all of the grounds in his petition, including those that have been exhausted, and thus, he risks losing the opportunity to present his grounds at a later date as they may be time barred.  *See Rhines*, 544 U.S. at 275.  Moreover, the one-year limitation period is not tolled by the pendency of this federal habeas proceeding.  *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that federal habeas proceedings do not toll the one-year limitation period).  If Petitioner wishes to proceed with the underlying petition solely on his exhausted claim (Claim One), in order to avoid having to re-file the petition, he must file, ***within the 14-day period allotted for the filing of objections to these findings***, an amended petition which includes <u>only</u> his exhausted claim.  If Petitioner does not file an amended petition within the 14-day objection period, his petition will be dismissed without prejudice to allow him to pursue his unexhausted claims in state court.

## RECOMMENDED DISPOSITION

For the foregoing reasons, the undersigned recommends that Petitioner's ***Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody*** *(Doc. 1)* be **DISMISSED WITHOUT PREJUDICE** on the grounds that all of the claims raised in the petition have not been exhausted.  The Court has found that Claim One has been exhausted.  ***If Petitioner wishes to proceed with the underlying petition <u>solely on this claim</u>, he must file an amended petition for writ of habeas corpus which includes <u>only</u> this exhausted claim within the 14-day period allotted for the filing of objections to these findings.***

*Lourdes a. Martinez*
_____
**HONORABLE LOURDES A. MARTÍNEZ**
**United States Magistrate Judge**

-13-